UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| LUIS TORRES, | ) | CASE NO. 4:06 CV 1553 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

      Petitioner <u>pro se</u> Luis Torres filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Massachusetts on February 17, 2006. Mr. Torres, a prisoner at the Federal Satellite Location at Elkton (FSL Elkton) in Lisbon, Ohio, seeks immediate deportation to Colombia, South America pursuant to "8 U.S.C. § 1252(h)(2)(a)."

      Considering the fact that a § 2241 petition must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, Judge Douglas P. Woodlock determined that Mr. Torres's custodian was the warden at FSL Elkton. As such, the District Court for the District of Massachusetts lacked personal jurisdiction over petitioner's custodian.

      Judge Woodlock issued an order on June 13, 2006 transferring the petition to the

United States District Court for the Northern District of Ohio based on his determination that the District Court of Massachusetts lacked jurisdiction. The case was filed in this court on June 20, 2006, and assigned to Judge Donald C. Nugent. Pursuant to the protocol for the creation of a docket, Judge Nugent transferred this case to the undersigned on March 21, 2007. The matter is now before the court for review.

*Background*

A review of the attachments to Mr. Torres's petition indicates that he pleaded guilty to one Count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 in the United States District Court for the District of Massachusetts. On February 25, 1992, petitioner was sentenced to 235 months imprisonment, followed by five years of supervised release.

On June 9, 2002, the Immigration and Naturalization Service (I.N.S.) issued a detainer to the warden at the Federal Correctional Institution in Oakdale, Louisiana, where petitioner was serving his sentence at that time.[1] The notice advised that Mr. Torres was a Colombian national and an investigation had been initiated to determine whether he would be subject to deportation. It requested that petitioner be released to the custody of the I.N.S. at least six months prior to his release date from prison. His projected release date is July 20, 2008.

Mr. Torres now seeks an order from the court granting him "Immediate Deportation/or Removal pursuant to 8 U.S.C. § 1252(h)(2)(a)." He defines himself as an "alien" as

---

[1] On March 1, 2003, the I.N.S. was abolished and its functions transferred to three bureaus within the Department of Homeland Security. See 6 U.S.C. § 291. The immigration enforcement functions of I.N.S. were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security. Because the relevant events in this action occurred before the creation of BICE, the court will continue to refer to the government agency as I.N.S.

that term is defined by § 101(a)(8) of the Immigration and Naturalization Act (INA). It is his contention that as an alien who committed a non-violent offense he is entitled to immediate deportation "per the aliens deportation Improvements Act 668 of 1995." (Pet. at 1.) For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 2243.

*28 U.S.C. 2241*

Every court which has addressed this issue has determined that in a habeas petition a prisoner's custodian, and the proper respondent, is the warden at the facility in which the prisoner is detained. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained); see, e.g., Vasquez v. Reno, 233 F.3d 688, 693 (1st Cir. 2000)(alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992); Blango v. Thornburgh, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); Brennan v. Cunningham, 813 F.2d 1, 12 (1st Cir.1987); Monk v. Secretary of Navy, 793 F.2d 364, 368-69 (D.C.Cir.1986); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir.1976); Jones v. Biddle, 131 F.2d 853, 854 (8th Cir.1942). There is no dispute that Mr. Torres is presently in the custody of the warden at FSL Elkton. Even though the warden is not named in this action, he is the proper respondent and this court has personal jurisdiction over him. For the reasons set forth below, however the warden is without authority to grant petitioner's requested relief.

*No Private Right to Immediate Deportation*

As a threshold matter, Mr. Torres is still in custody serving a 235 month prison sentence for conspiracy to possess with intent to distribute cocaine. While a detainer has been lodged by the I.N.S., that detainer does not place him within its custody. See, e.g., Prieto v. Gluch, 913 F.2d 1159, 1162 (6th Cir.1990)(I.N.S. notice of detainer does not place the prisoner in INS's custody). Moreover, no final determination has been made regarding whether Mr. Torres will, in fact, be deported.

The statute under which Mr. Torres seeks relief was significantly amended with the passage of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub.L. No. 104-208, 110 Stat. 3009-546 (1996) and sections 101 and 106 of the REAL ID Act of 2005 (RIDA), Pub.L. No. 109-13, Div. B, 119 Stat. 231.[2] These Acts created different procedures for judicial review of removal orders, including exclusion or deportation orders, and for immigration decisions general. All decisions regarding judicial review of removal orders are now subject to INA § 242, 8 U.S.C. § 1252.

Under the predecessor § 242, however, it provided that

(i) Expeditious deportation of convicted aliens -

> In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction.

---

[2] Although he cites the incorrect subsection "(h)" under 8 U.S.C. § 1252, the statute was amended by the RIDA in several pertinent respects. First and foremost, it made petitions for review filed with the court of appeals the "sole and exclusive means for judicial review of" most orders of removal. See 8 U.S.C. § 1252(a)(5); Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir.2005).

8 U.S.C. § 1252(i)(1990). Even under pre-IIRIRA administrative practice, every court that addressed the issue, including the Sixth Circuit, unanimously held that no private cause of action existed under the statute. See Prieto, 913 F.2d at 1165-66; Thye v. United States, 109 F.3d 127 (2d Cir.1997) (no private right of action); Hernandez-Avalos v. Immigration & Naturalization Serv., 50 F.3d 842 (10th Cir.1995); Campos v. Immigration & Naturalization Serv., 62 F.3d 311 (9th Cir.1995); Giddings v. Chandler, 979 F.2d 1104 (5th Cir.1992); Aguirre v. Meese, 930 F.2d 1292 (7th Cir.1991) (per curiam ); see also Urbina-Mauricio v. Immigration & Naturalization Serv., 989 F.2d 1085, 1088 (9th Cir.1993); Orozco v. INS, 911 F.2d 539, 541 (11th Cir.1990) ("an incarcerated alien has no private right of action under section 1252(i)").

Liberally construing Mr. Torres's petition to invoke the protection of § 241 of the INA, 8 U.S.C. § 1231(a)(4), enacted as part of the IIRIRA, his claim still fails. Under § 241 of the INA,

> The Attorney General is authorized to remove an alien in accordance with applicable procedures under this chapter before the alien has completed a sentence of imprisonment--
>
> (i) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title and (II) the removal of the alien is appropriate and in the best interest of the United States;

8 U.S.C. § 1231(a)(4)(B)(i). The statute further advises, however, that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Thus, petitioner cannot assert a private cause of action to compel his deportation to Colombia.

5

Furthermore, this court lacks the authority to issue a deportation order. United States v. Quaye, 57 F.3d 447, 449-50 (5th Cir.1995); United States v. Jalilian, 896 F.2d 447 (10th Cir.1990); United States v. Abushaar, 761 F.2d 954, 958-61 (3d Cir.1985); United States v. Hernandez, 588 F.2d 346, 350-52 (2d Cir.1978); see Wong Wing v. United States, 163 U.S. 228, 236-37 (1896) (noting, in dicta, that it is constitutional for Congress to delegate the authority to deport aliens to the executive branch).

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*s/ Sara Lioi*
SARA LIOI
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2007

---

[3]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.